HENRY GRIFFIN v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—300.]

**Police Power of the State.**

  The legislature in the exercise of the police power of the commonwealth, may by enactment regulate the sale of intoxicating liquors when it determines that such sales are detrimental to public morals and the act of May 5, 1884, entitled "An act to prohibit the sale of spirituous, vinous and malt liquors in Hardin county" is not in violation of the state constitution.

## APPEAL FROM HARDIN CIRCUIT COURT.

October 3, 1885.

OPINION BY JUDGE HOLT:

The appellant, Henry Griffin, seeks to reverse a judgment rendered against him in an action brought by the commonwealth for a violation of the act approved May 5, 1884, entitled "An act to prohibit the sale of spirituous, vinous and malt liquors in Hardin county;" and which was not by its terms to take effect until ratified by a majority of the voters of the county. (See Acts 1884, ch. 1285.) It is urged that the petition does not allege that the examining board of the election found that a majority of the voters were against the sale of whisky, or that they certified such a result, or that such a certificate was recorded; also that it does not negative the exception provided for in the 7th section, which says: "Nothing in this act shall be construed to interfere with the privilege of any person who is selling liquors under a license properly granted till the expiration of such license."

It is also said that the court did not as a part of the special findings find that the poll books were ever compared or any certificate as to it given by the board or received by the county court clerk and by him recorded; and finally that the act is unconstitutional because it prevents the sale of liquor by a druggist to a physician to be used by the latter for medical purposes. A majority of the legal qualified voters of Hardin county, at the regular August election held on the first Monday in the said month, 1884, voted against the sale of spirituous, vinous and malt liquors in said county; said

vote was compared by the board of examiners of said election, and certified by said board to the clerk of Hardin county court, and their certificate filed and recorded in said clerk's office according to law; and in view of this allegation the first objection is not well taken. Nor was the plaintiff required by the affirmative statement to negative the exception.

It is properly a matter of defense. Chitty says: "Matter which should come more properly from the other side need not be stated." 1 Chitty on Pleading, 222. It was unnecessary for the lower court in order to sustain its judgment to find that the poll books had been compared by the board, a certificate of it given and it recorded by the county court clerk, because the record shows that these were "agreed facts."

As to the last objection we think the law is well settled. In this instance the physician is not indicted for furnishing whisky to his patients, but the vendor for selling it. The legislature can certainly regulate the sale of anything detrimental to the public morals. In this direction it properly has a wide scope of power. License or no license it is a question of local police; and as such the voters of a locality affected by it may, being authorized to do so by legislative will, say whether it shall be granted or refused.

Judgment *affirmed.*

*Montgomery & Poston,* for appellant.

*P. W. Hardin,* for appellee.

[Cited, *Commonwealth v. Cope,* 107 Ky. 177, 21 Ky. L. 845, 53 S. W. 272.]