STATE OF MINNESOTA *vs.* GEORGE BENZ.

June 7, 1889.

**Intoxicating Liquor — Sales without License — Wholesale Dealers.—**
The provision of the statute in force prior to 1887, with respect to the sale of intoxicating liquor, prohibiting sales in less quantities than five gallons without a license, was not repealed by the legislation of 1887. The statute still makes such sales illegal, even though the liquor be sold in a corked bottle, and not to be drunk on the premises. A wholesale liquor dealer is not exempt from the operation of this law.

Case certified from the district court for Ramsey county, by *Brill,* J., pursuant to Gen. St. 1878, *c.* 117, § 11.

*Moses E. Clapp,* Attorney General, and *J. J. Egan,* for the State.
*Rogers, Hadley & Selmes,* for defendant.

DICKINSON, J. The defendant was indicted for selling spirituous liquor—one pint of whiskey—without a license. The cause was submitted to the district court upon an agreed statement of the facts, a jury trial being waived. The court, having found the defendant guilty, certified the case to this court for review upon the questions of law involved. The defendant is a wholesale liquor dealer. He does not sell liquor to be drunk on the premises where sold. He does sell in small quantities,—as a pint, quart, etc.,—at his place of business, to others than liquor dealers, but only in sealed packages. He sold a pint of whiskey as alleged in the indictment, the same being in a corked bottle, and the purchaser not being a dealer in such goods. It was not sold to be drunk on the premises. The defendant relies upon the propositions that section 4, *c.* 16, Gen. St. 1878, designating as unlawful, sales without a license in a less quantity than five gallons, was repealed by the legislation of 1887; and that, as the law

now in force contains no like or corresponding express designation, its prohibitions and penalties are applicable only as to sales of liquor to be drunk on the premises. The acts of 1887 relating to this subject are chapters 5, 6, 7, 8, and 81. In none of them is there any express repeal of the prior law above referred to, designating what sales are prohibited. There has been no such repeal unless the later enactments are found to be inconsistent with that.

It has always been the settled policy of the state, with respect to the traffic in intoxicating liquors, to intervene with its power of regulation and control at that point where the business comes to directly affect society,—that is, in sales to the consumer,—while it has not sought to interfere with other and merely commercial transactions. This policy has been expressed and carried into effect, not by legislating directly and in terms concerning sales to *consumers*, but by the adoption of a classification or designation, (sales in a less quantity than, five gallons,) to which alone the restrictive and prohibitory provisions of the statutes have been applied; which class was deemed likely to embrace, in general, purchases for immediate consumption, and not to embrace, in general, other and merely commercial transactions. To this class of sales—in less quantities than five gallons —has the legislation of the state been directed for more than a quarter of a century prior to the enactments of 1887. The contention of the defendant is, in effect, that without any express repeal this precise designation of what is prohibited has been swept away, and nothing adopted in its place; although the prohibitory and penal legislation upon the subject still remains in force, or has been re-enacted with still more stringent conditions. For it is perfectly apparent from the acts of 1887 that there has been no abandonment of the policy of state regulation and restriction under a license system. The prohibitions of the law are as distinct and positive as they ever have been, and the penalties for its violation have been made still more severe. All this legislation, to be of any effect, must have been directed, and must be applied, to some distinct acts or classes of acts. It must have been aimed either at the whole business of selling intoxicating liquors indiscriminately, including the ordinary commercial transactions of the wholesale merchant, or else to some definite

class or instances. If the whole business was not the subject of these penal enactments; if they relate only to some sales, but not to all, —that to which they do relate must be either specifically defined in the law, or otherwise made certain. If it is uncertain to what a penal law relates, it cannot be enforced at all.

It was decided in *State* v. *Orth*, 38 Minn. 150, (36 N. W. Rep. 103,) that the law now in force was not intended to apply to the ordinary commercial business of the wholesale dealer, involving sales of more than five gallons. As, then, the law was intended to be of but limited application, it would be strange if there should not be found in it some definite indication of its scope and limits. It would be still more strange if that familiar and precise provision, which alone, during all the history of the state, has served as the designation of what has been prohibited, has been now discarded, the subject of such legislation being thus materially changed, and yet the nature and extent of the change thus effected be wholly unexpressed. We find nothing in the legislation of 1887 to justify the conclusion to which we should be led by such a state of the case. It is true that, in the several different acts now in force, the law has become somewhat involved. There was obviously no attempt or purpose by the legislature of 1887 to embody in one consistent statute the whole law upon this subject; and we are left to gather from the several enactments, as well as from the statutes previously in force, what is now the law. It is true, too, that while section 4, *c.* 6, of the Laws of 1887, re-enacts with some changes the substance of what had been previously embodied in section 4, *c.* 16, of the General Statutes, it does not contain the five-gallon clause or any other like qualifying terms. That act also repeals such other acts or parts of acts as are "inconsistent with this act." If, as has been decided in *State* v. *Orth*, the language of this later act, imposing penalties upon "whoever" sells intoxicating liquors without a license, does not import and apply to *all* persons and under all circumstances, it is in no respect *inconsistent* with its provisions that the five-gallon clause of the General Statutes be deemed still in force, designating the particular class of sales to which the statute law still refers, as it so long has done. Such being, as we consider, the state of the law, there can be no

doubt that the act of the defendant was within its prohibition. Our decision is in harmony with that in *State* v. *Orth*, upon which the defendant to some extent relies. The language used in that decision to illustrate the fact that this legislation was designed to affect that class of sales which had been proscribed by the legislature as likely to embrace the dealings of the consumer, and not the commercial transactions of the wholesale merchant, is sought to be applied by the defendant in support of his claim that the law applies only to sales to drinkers in drinking-places. Nothing of that import was intended to be expressed. It was undoubtedly for the purpose of reaching sales to consumers that such laws have been framed; but the means by which the ultimate purposes of the law have been sought to be accomplished have been by legislating as to sales in less quantities than five gallons, without other qualification. The distinction between the retail and wholesale trade as expressed in that opinion had reference to this statutory measure of five gallons.

The decision of the district court is affirmed.