STATE OF MINNESOTA *vs.* PETER SCHROEDER.

April 30, 1890.

Intoxicating Liquor—Sale by Brewer without License.—Under Gen.
St. 1878, *c.* 16, § 4, a manufacturer of intoxicating liquor in this state
cannot sell his liquor in a less quantity than five gallons, without obtain-
ing a license from the authorities of the place where the sale is made.

Case certified, after verdict of guilty, from the district court for
Otter Tail county, *Baxter,* J., presiding.

*Mason & Hilton,* for defendant.

*Moses E. Clapp* and *C. C. Houpt,* for the State.

MITCHELL, J.    The defendant was convicted of selling at the village
of Henning, in Otter Tail county, intoxicating liquor, to wit, beer, in
a quantity less than five gallons, without having first obtained a
license from the ·village council.    The undisputed evidence showed
that defendant, a brewer, was engaged in the manufacture of beer at
Perham in the same county.    This beer was put in small four-gallon
kegs, and shipped to Henning, where he had a store-house, in charge
of an agent, where . the beer was kept for sale.    The beer was sold
only by the keg.    The sale in question consisted of a sale of one of
these four-gallon kegs to one Hanson.    Defendant had no license to
sell intoxicating liquors in the village of Henning.

The only question in the case is whether a manufacturer of beer
has a right to sell the same in quantities less than five gallons, with-
out first procuring a license therefor from the authorities of the place
where the sale is made.    If we have been so unfortunate as not to
have made this matter clear by our decisions, the statute itself leaves
no room for doubt.    It prohibits, without qualification or exception,
any sale or barter, by any person, of any spirituous, vinous, fer-
mented, or malt liquors, in a less quantity than five gallons, without
having first obtained license therefor.    While it is undoubtedly true,
as we have previously had occasion to say, that the great aim of the
law was to regulate the retail sale of intoxicating liquors to consum-
ers, yet, as the most effectual means of accomplishing this, the legis-

lature has adopted the policy of absolutely prohibiting any sale by any person of a quantity less than five gallons, without first obtaining a license therefor. *State* v. *Benz*, 41 Minn. 30, (42 N. W. Rep. 547.) The necessity for first obtaining a license is not made to depend upon the general business of either the seller or the purchaser, or the nature of the package in which the liquor is contained, or the purpose for which the liquor is sold or purchased, or where it is to be consumed, but solely and exclusively upon the quantity sold or bartered. There is no room, under the language of the statute, to exclude from its operation manufacturers, any more than any other class of persons engaged in the sale of intoxicating liquors. Neither can any distinction be made based upon the nature of the vessel or receptacle containing the liquor. The terms of the act leave no room for any such discrimination. Moreover, if a manufacturer who sells in what counsel calls the "original packages" was to be excepted from the operation of the statute, it would lead to a defeat of the very object of the law; for, by merely reducing the size of the "original packages," the same practical evils would result as from the unrestricted sale of liquor by the glass in the ordinary saloon. The defendant was properly convicted.

The cause is remanded, with directions to the trial court to pronounce sentence upon the verdict.