STATE OF MINNESOTA *vs.* PETER SCHROEDER.

December 13, 1890.

Intoxicating Liquor—License.—The necessity for having a license to sell liquors depends solely on whether the sale is of a quantity less than five gallons.

The defendant was tried and convicted in the district court for Otter Tail county, before *Baxter, J.,* on an indictment charging him with selling "intoxicating liquor, to wit, beer, in greater quantities than five gallons—to wit, one keg of beer, containing eight gallons—to one B. L. Ries, without first having obtained a license,".etc. The defendant moved in arrest of judgment. The court was of opinion that the motion should be granted, but, without formally granting it, certified the case to this court.

*Moses E. Clapp,* Attorney General, and *C. C. Houpt,* for the State.
*Mason & Hilton,* for defendant.

GILFILLAN, C. J. This case is entirely covered by the decision in *State v. Schroeder,* 43 Minn. 231, (45 N. W. Rep. 149.) While the primary purpose of the statute in respect to the sale of liquors is to restrain sales to consumers and regulate drinking-places where liquors are sold and at once consumed, the only means adopted to effect that end is the prohibition of sales, without license, in quantities less than five gallons. The only test the statute makes of what is permitted and what prohibited to one without license is with respect to quantity. And, as said in the case cited: "The necessity for first obtaining a license is not made to depend upon the general business of either the seller or the purchaser, or the nature of the package in which the liquor is contained, or the purpose for which the liquor is

sold or purchased, or where it is to be consumed, but solely and exclusively upon the quantity sold or bartered." What is there said ought to have set at rest any doubt there might be after the previous decisions of this court. The indictment does not set forth an offence, and the court below will, on the cause being remanded, grant the motion in arrest of judgment.