GEORGE BOLLINGER v. GEORGE W. WILSON.

May 17, 1899.

Nos. 11,522—(82).

Intoxicating Liquor—Sale in Wisconsin for Use in Iowa—Iowa Statute —Recovery of Amount Paid.

The statutes of Iowa prohibit the sale of intoxicating liquors by any person not having a permit, and provide that, if any person not holding a permit sells such liquors, he shall be guilty of a misdemeanor. They further provide (McClain's Ann. Code, § 2407) that all payments or compensation for intoxicating liquor "sold in violation of this chapter" may be recovered by the person making or furnishing such payments or compensation. An agent of a brewing company doing business in Milwaukee, Wisconsin, entered into a contract with the plaintiff in Iowa, by the terms of which the brewing company agreed to sell, and the plaintiff

agreed to buy, a quantity of beer to be by the former delivered to the latter free on board the cars at Milwaukee consigned to the plaintiff at his residence in Iowa. The liquor was delivered by the brewing company free on board the cars at Milwaukee consigned to the plaintiff in Iowa, and was by him, in the due course of business, received from the carrier. Neither the plaintiff nor the brewing company had any permit to sell intoxicating liquors in that state. *Held*, that this was a Wisconsin, and not an Iowa, sale, within the meaning of the statute of the latter state, and that the sale was executed by the transfer of the title to the purchaser at Milwaukee, upon the delivery of the property to the carrier. Hence the plaintiff cannot recover, under the Iowa statute, what he had paid for the liquor.

## Same—Knowledge by Seller of Proposed Illegal Use.

If the brewing company, with knowledge that the liquor was bought for the purpose of being illegally sold in Iowa, actively assisted the plaintiff in carrying out this illegal purpose, the sale in Wisconsin might not support an action for the purchase price of the property; but this would not entitle the plaintiff, one of the parties to the illegal transaction, to recover what he had paid.

Action in the district court for Nobles county to recover possession of a promissory note for $500. The case was tried before P. E. Brown, J., and a jury, which was directed to return a verdict in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Reversed.

*Geo. W. Wilson & Son*, for appellant.

The foreign statute should have been pleaded. Myers v. Chicago, St. P., M. & O. Ry. Co., 69 Minn. 476; 9 Enc. Pl. & Pr. 542; National v. Lang, 2 N. D. 66; Bliss, Code Pl. § 287; Thatcher v. Morris, 11 N. Y. 437; Kittle v. De Lamater, 3 Neb. 325; Maxwell, Code Pl. 89. The sale was at Milwaukee. 11 Am. & Eng. Enc. 745.

*A. J. Daley* and *J. M. Parsons*, for respondent.

A contract for sale of intoxicating liquor to a nonresident, with a view to its resale by him contrary to the laws of his own state, is void, though the violation of law was not the controlling inducement to the sale. Graves v. Johnson, 156 Mass. 211; Adams v. Coulliard, 102 Mass. 167; Hanauer v. Doane, 12 Wall. 342. Notice to the agent of the seller that the buyer intends to resell in viola-

tion of law is notice to the seller. Suit v. Woodhall, 113 Mass. 391; Backman v. Wright, 27 Vt. 187; Tolman v. Johnson, 43 Iowa, 127; Wilson v. Stratton, 47 Me. 120. The act of congress of August 8, 1890, puts interstate commerce in intoxicating liquors on the same footing as local trade. In re Rahrer, 140 U. S. 545. It was not necessary to plead the statute, since it is merely evidentiary. Thomson-Houston E. Co. v. Palmer, 52 Minn. 174. The source of plaintiff's title need not be pleaded Furman v. Tenny, 28 Minn. 77; Miller v. Adamson, 45 Minn. 99.

MITCHELL, J.

This was an action to recover the possession of a promissory note.

The undisputed evidence was that in August, 1893, an "agent" of the Schlitz Brewing Company, of Milwaukee, Wisconsin, interviewed the plaintiff at Rock Rapids, Iowa, the place of his residence, and suggested that he engage in the business of selling beer at that place, and solicited him to buy beer for that purpose from the Schlitz Brewing Company, advising that it be shipped in the fictitious name of "Paul Bodenbach," in order to avoid his getting into trouble for violating the laws of Iowa. Thereupon the plaintiff executed and delivered to the agent, whose name was Oscar Schmidt, the following instrument:

"Jos. Schlitz Brewing Company,
"Bottling Department.
"Aug. 21, 1893. Order No. ——.
"Ship —— to Geo. Bollinger, Rock Rapids, Iowa, via Ills. Central R. R. 10 casks qts. Pilsener @ $8.00; 20 cases qts. Pilsener @ $2.75; 10 $\frac{1}{2}$-kegs beer @ $5.25; 150 $\frac{1}{4}$-kegs beer at per bbl.; 15-8 kegs beer. F. o. b. cars at Milwaukee.
"Allowance for empty bottles delivered at Milwaukee free of charge and in good order: Per doz. qts., 48c.; per doz. pts., 36c.; for each case, 25c. No allowance for barrels. Terms: Credit, one car. Oscar Schmidt, Agent.
"Above prices and terms accepted herewith.
"George Bollinger.
"Memorandum: Ship car Paul Bodenbach name."

At the same time and place, and as a part of the same transaction, the plaintiff transferred to the brewing company, and delivered to the agent, the note in controversy as security for the pay-

ment of the purchase price of the beer, and subsequently the brewing company transferred it to a bank, which sent it to the defendant, as an attorney at law for collection. The brewing company subsequently shipped the beer at Milwaukee to the plaintiff at Rock Rapids, Iowa, in accordance with the terms and conditions of the written instrument already set out. In due course of time, the plaintiff received it and sold it. He had no permit, under the statutes of Iowa, to sell any intoxicating liquors in that state, and it does not appear that the brewing company had any. The nature or extent of the agent's authority does not appear, except that it may be inferred, from the brewing company's recognition of the "order" or "contract," whichever it may be called, and shipping the beer in accordance with its terms, that he had authority to take such orders or make such contracts. The plaintiff's claim was that the sale of the beer was made in Iowa, and that, under the statutes of that state, it was illegal, and any consideration paid or security given on account of the sale could be recovered.

Counsel have raised and discussed several points; but, under our view of the case, it is necessary to consider one of them only, viz. whether plaintiff made out a case entitling him, under the Iowa statute, to recover the note in controversy. The only provisions of the Iowa statutes introduced in evidence and contained in the record are sections 2359, 2360, 2362, 2369, 2372, 2381, 2400, 2407, and 2416 of McClain's Code of that state. Section 2359 provides that

"No person shall   *   *   *   sell, by himself, his clerk, steward, or agent, directly or indirectly, any intoxicating liquors except as hereinafter provided."

This refers to permits which may be obtained for selling for certain specified purposes not here material. Section 2381 provides that

"If any person not holding such a permit, by himself, his clerk, servant or agent, shall for himself or any person else, directly or indirectly, or on any pretense or by any device, sell   *   *   *   any intoxicating liquors, he shall   *   *   *   be deemed guilty of a misdemeanor," etc.

Section 2407, which is the one upon which plaintiff principally relies, provides that

"All payments or compensation for intoxicating liquor sold in violation of this chapter, whether such payments or compensation be in money, goods, land, labor or anything else whatsoever, shall be held to have been received in violation of law and against equity and good conscience, and to have been received upon a valid promise and agreement of the receiver in consideration of the receipt thereof to pay on demand, to the person furnishing such consideration the amount of said money or the just value of such goods, land, labor or other thing."

We find no other provisions in the statute having any material bearing on the question under consideration. The plaintiff must find his right to recover, if at all, in the clear and express terms of this statute, which, being penal in its nature, must be strictly construed. Construing most favorably to the plaintiff the written memorandum delivered by the plaintiff to the agent, not as a mere "order" for the liquor, subject to the approval and acceptance of the brewing company, but as a valid executory contract between the parties, it is nevertheless evident from its terms that it was a contract for the delivery of beer at Milwaukee. The brewing company was to deliver it, not at Rock Rapids, Iowa, but free on board the cars at Milwaukee. The liquor became the property of the purchaser when it was delivered at Milwaukee to the carrier, who, for the purposes of delivery, represented him. Until that was done, the agreement to sell was merely executory. To constitute a sale, under this statute, there must be a transfer of the title. Delivery, either actual or constructive, was essential to a sale. Therefore, upon the facts, the sale was made—that is, consummated and executed—by delivery and transfer of title in Wisconsin, and not in Iowa. Neither the brewing company nor its agent could have been convicted, under section 2381, of selling in Iowa without a permit. Authorities to this effect are abundant, but we need cite but one,— Garbracht v. Com., 96 Pa. St. 449. For the same reason, under the strict construction which the statute must receive, it is only in the case of an Iowa sale—that is, a sale consummated and executed in Iowa by a delivery and transfer of title in that state—that the purchaser can recover the consideration paid under section 2407.

There is evidence that the brewing company, or at least its agent, not only knew that this liquor was to be resold by the plain-

tiff in Iowa, contrary to its laws, but in fact solicited him to engage in this unlawful traffic, and actively assisted him in doing so by shipping the liquor to him by a fictitious name. A sale in Wisconsin, under these circumstances, might not support an action for the purchase price of the liquor. See Graves v. Johnson, 156 Mass. 211, 30 N. E. 818. This would not be because of any provision to that effect in the Iowa statute, but on the general doctrine that the right to contract with a view to a breach of the laws of another state ought not to be recognized, or the contract enforced, by the courts of other states, and that they will refuse to aid either party, and leave them where they find them. But this involves a very different principle from the present case, where one of the parties to the illegal transaction is seeking the aid of the court to recover what he has paid on this contract.

It is further urged by the plaintiff that, independently of the Iowa statutes, he was entitled to recover because it appeared that he had fully paid for this car load of beer, and was therefore entitled to a return of this note which he had transferred as collateral security. There is evidence tending to prove that the arrangement between the plaintiff and the agent of the brewing company contemplated future sales from time to time as plaintiff's business might require; that future like sales were made, for one of which the plaintiff has not paid. The evidence is indefinite and equivocal as to whether this note was turned in as collateral security only for the payment of the first car load ordered by the plaintiff, or as a standing and continuing security for the payment of any future orders made in the course of plaintiff's business. Under this state of the evidence, the court was not justified in directing a verdict in favor of the plaintiff.

Order reversed, and a new trial granted.