CASE 33—INDICTMENT FOR SELLING LIQUOR—OCT. 26.

# Commonwealth v. Cope.

### APPEAL FROM GRAVES CIRCUIT COURT.

CRIMINAL LAW—LOCAL OPTION—INDICTMENT.—An indictment for
violating the local option law must state that the judge of the
county court made an order on his order book directing the election
to be held at a certain time; that the election was duly held at
that time; that a majority of the legal votes cast at the election
were given against the sale; that the canvassing board found
this to be a fact and certified that fact to the county court; that
the judge thereof had the same spread on the order book of his
court; and that the offense charged was committed after the
entry of the certificate on the order book. And the allegation
in the indictment that the canvassing board found it to be a
fact that a majority of the legal votes cast at the election were
given against the sale, can not supply the omitted substantive
averment that a majority of the legal votes cast at the election
were given against the sale.

H. J. MOORMAN, COMMONWEALTH'S ATTORNEY, FIRST CIRCUIT COURT
DISTRICT, FOR APPELLANT.    (W. S. TAYLOR, ATTORNEY-GENERAL, OF
COUNSEL.)

On the sufficiency of the indictment: Ky. Stats., ch. 81; Act
of May 26, 1874, '87 ed. Gen. Stat., p. 470; Bouvier's Law Dict.;
19 Am. & Eng. Ency. of Law, 83; Newman's Pl. & Pr., p. 278-9;
Hodge v. Com., Mans. opin. of May 23, 1882; Crim. Code, sec. 122.

SAML. H. CROSSLAND FOR APPELLEE.

On the sufficiency of the indictment: Shelton v. Com., 35 S.
W., 128; Green v. Same, 32 S. W. R., 169; Pippin v. Same, 40
S. W. R., 252.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Appellee was indicted for selling spirituous liquors in
violation of the general local option law (Kentucky Stat-
utes, sections 2554-2568). He demurred to the indictment.
The demurrer was overruled and the case submitted to a
jury, who found him guilty, and fixed his fine at $100. The

appellee entered a motion in arrest of judgment, which was overruled. He then entered a motion for a new trial, which the court sustained, and set aside the order overruling the demurrer to the indictment, sustained the demurrer, and dismissed the prosecution. The Commonwealth appeals, insisting that the indictment was sufficient.

The charge is made in the indictment in these words: "The said Hub Cope, in the said county of Graves, on the 27th day of June, 1898, and before the finding of this indictment did sell, loan, and barter spirituous, vinous, and malt liquors, to-wit, whisky, brandy, wine, gin, ale, and beer, by retail, within the corporate limits of the city of Mayfield, Kentucky, to J. W. Baldree, after an election duly held therein on the 26th day of September, 1896, to take the sense of the legal voters of said city on the question whether or not spirituous, vinous, or malt liquors should be sold, loaned, or bartered therein, and the board duly authorized to compare and count said vote had duly compared and counted same, and found a majority of all the votes cast at said election were against the sale, loan, or barter of said liquors in said city, and had duly certified this fact to the county court of Graves county, and said certificate had been duly recorded on the order book of said court, as provided by law; against the peace and dignity of the Commonwealth of Kentucky."

It is insisted that this indictment is sufficient, under section 2556 of the Kentucky Statutes, which is as follows:

"If it shall be found that a majority of the legal votes cast at any election herein provided for were given for or against the sale, barter or loan of spirituous, vinous or malt liquors in the said county, city, town, district, or precinct, it shall be the duty of the canvassing board to certify that fact, which certificate shall be delivered to the

clerk of the county court and by him safely kept until the
next regular term of the county court, at which term the
judge thereof shall have the same spread on the order
book of his court, and said entry of the certificate in the
order book, or a certified copy thereof, shall be *prima facie*
evidence in any or all proceedings under this act."

It is said the Commonwealth need only make out in the
indictment a *prima facie* case, and that under this section
the facts charged in the indictment are sufficient for this
purpose.

By section 2557 it is provided that after the entry of
the certificate in the order book of the county court, if the
vote was against the sale, it shall be unlawful for any-
body to sell any spirituous liquors in the territory named,
and that any person so selling shall be fined not less than
$100 nor more than $200 for each offense. The statute is
not operative until the vote is given against the sale, and
an indictment can not be good which does not charge this
fact. It is only charged in this case that the board author-
ized to count the votes found a majority of all the votes
cast at said election were against the sale, and certified
this fact to the county court. The averment that an of-
ficer certified to a fact is not a sufficient averment that the
fact existed.

"Thus, in an action of trover for ten pieces
of money, the defendant pleaded that there was a wager
between the plaintiff and one C. concerning the quantity
of yards of velvet in a cloak, and the plaintiff and C. each
delivered into the defendant's hands ten pieces of money,
to be delivered to C. if there were ten yards of velvet in
the cloak, and, if not, to the plaintiff; and proceeded to al-
lege that upon measuring of the cloak it was found that
there were ten yards of velvet therein, whereupon the de-

fendant delivered the pieces of money to C. Upon demur-
rer, 'Gawdy held the plea to be good enough, for the meas-
uring thereof is the fittest way for the trying it; and when
it is so found by the measuring he had good cause to de-
liver them out of his hand to him who had won the wager.'
But Fenner and Popham held that the plea was not good,
'for it may be that the measuring was false,
and therefore he ought to have averred in fact
that there were ten yards, and that it was so found upon
the measuring thereof.'" (Stephens on Pleading, p. 384.)

So, in Newman on Pleading, p. 256, it is said:

"Facts, and not the evidence of them, are still
required to be stated in a pleading at law; as,
where the essential fact to be averred was that
a certain person was of unsound mind, it will not be
sufficient to allege that the person had been judicially
found to be of unsound mind."

As to the sufficiency of such an allegation, the same
principles apply in criminal as in civil cases. 1 Bishop on
Criminal Prosecution, 325.

In pleading a judgment or a determination of or a pro-
ceeding before a court or officer of special jurisdiction the
pleader may, in an indictment, allege the facts as at com-
mon law necessary to show that all was regular, or he
may, in his discretion, simply state that the judgment or
determination was given or made, or the proceedings had,
and then prove on the trial the fact showing the regular-
ity of the proceedings. (Criminal Code of Practice, section
131.) If he adopts the first method, he must, at his peril,
not allege a state of facts under which his proceedings
would not be regular. Thus, in a number of cases for
violation of the general local option law, the indictments
were held bad. because the facts alleged showed the in-

validity of the proceedings. (Com. v. Green, 17 Ky. L.
R., 579, [32 S. W., 169]; Cress v. Com., 18 Ky. L. R., 63,
[37 S. W., 493]; Com. v. Pippin, 19 Ky. L. R., 270, [40 S.
W., 252]; Com. v. Shelton, 99 Ky., 120, [35 S. W., 128].)

In a number of other cases this court has expressly or
tacitly sustained indictments where the pleader stood
upon the general averments sanctioned by the Code and
relied upon the *prima facie* case authorized by the statute.
(Taylor v. Com., 19 Ky. L. R., 351, [40 S. W., 383]; Griffin v.
Com., 7 Ky. Law Rep., 300; Hodge v. Com., (MS. opinion;
May 23, 1882), 4 Ky. Law Rep., 341; Evans v. Com., 10 Ky.
Law Rep., 681; Com. v. Stamper, 8 Ky. Law Rep., 787.) If
the pleader chooses to follow this mode of allegation, he
must strictly pursue the statute, and not omit any fact
which is essential to a *prima facie* case.

An election by the people is of no force unless authorized
by law.  The statute does not fix the time for holding such
an election.  It is to be held at the time ordered by the
county court.  To make out a *prima facie* case under the
statute, it should be charged that the judge of the county
court made an order on his order book directing the elec-
tion to be held at a certain time; that the election was duly
held at that time; that a majority of the legal votes cast
at the election were given against the sale; that the can-
vassing board found this to be a fact, and certified that
fact to the county court; that the judge thereof had the
same spread on the order book of his court; and that the
offense charged was committed after the entry of the certi-
ficate on the order book.                        .

The indictment in this case does not show any
authority for holding the election, nor does it
state with sufficient certainty how the vote was given, or
that the county judge had the certificate spread upon the

[12]

order book of his court. With these averments it would be sufficient, but without them it does not show *prima facie* that appellee can be punished under the act referred to.

Judgment affirmed.