STATE v. CHRIS JOHNSON.[1]

May 2, 1902.

Nos. 12,919—(13).

## Sale of Intoxicating Liquor—Laws 1895, c. 259.

The defendant was convicted of the offense of selling intoxicating liquors in a village, after the people thereof had voted against issuance of license for such sales, contrary to the provisions of Laws 1895, c. 259. *Held*, the statute is not void as unauthorized class legislation,

---

[1] Reported in 90 N. W. 161, 1133.

and is constitutional, the indictment states facts constituting a public offense, the evidence sustains the judgment, and the trial court did not err in its instructions to the jury.[2]

Appeal by defendant from a judgment of the district court for Mower county, Kingsley, J. Affirmed.

*Greenman & Greenman*, for appellant.

*W. B. Douglas*, Attorney General, *R. E. Shepherd*, County Attorney, and *S. D. Catherwood*, for the State.

START, C. J.

The defendant was convicted in the district court of the county of Mower of the offense of selling intoxicating liquors in a village after the people thereof had voted against the issuance of license for such sales. He appealed from the judgment of that court.

The defendant's assignments of error raise four general questions. They are: (a) Is the statute upon which the indictment is based constitutional? (b) Does the indictment state facts constituting a public offense? (c) Is the judgment sustained by the evidence? (d) Did the trial court err in its instructions to the jury?

1. The defendant urges that the statute (Laws 1895, c. 259) is

[2] STATE v. CHRIS JOHNSON.

May 2, 1902.

Nos. 12,920—(14).

Appeal by defendant from a judgment of the district court for Mower county, Kingsley, J., convicting defendant of selling intoxicating liquor. Affirmed.

*Greenman & Greenman*, for appellant.

*W. B. Douglas*, Attorney General, *R. E. Shepherd*, County Attorney, and *S. D. Catherwood*, for the State.

PER CURIAM.

The questions presented by the appeal in this case are the same as those considered and decided by the court in the case of State v. Johnson; and for the reasons stated in the opinion in that case, the judgment appealed from in this case is affirmed.

unconstitutional, because it is arbitrary class legislation. Its here material provisions are these:

"Whenever the people of any village or municipal township shall have voted against the issuance of license for the sale of intoxicating liquors therein, it shall thereafter be unlawful for any person or corporation to sell, barter or give away the same therein at retail or wholesale in any quantity whatever; * * * provided that nothing in this act shall be construed to prevent or forbid any manufacturer of intoxicating liquor in any village or township from selling his product to be consumed outside of said village or township."

The purpose of this statute is manifest. It is to prevent the sale of intoxicating liquors in any quantity or in any form in towns and villages voting against the issuance of license for the sale of such liquors. Prior to the enactment of this statute such liquors could be lawfully sold in such towns and villages in quantities of not less than five gallons, although the people thereof had voted against license. State v. Schroeder, 43 Minn. 231, 45 N. W. 149; 45 Minn. 44, 47 N. W. 308. This permitted manufacturers of beer and other intoxicating liquors and wholesale dealers therein to establish warehouses in municipalities voting no license, and legally sell such liquors at wholesale therein. Now, when the statute here in question is read and construed with reference to the law when it was adopted, it is manifest that its purpose was to give absolute effect, as far as possible, to local option, by forbidding all sales of intoxicating liquors, without reference to the quantity thereof, in all villages and townships voting no license. But to prevent a practical confiscation of brewing plants or other plants for the manufacturing of intoxicating liquors located in the prohibition districts, the proviso was added to the statute which, in legal effect, permits any manufacturer of intoxicating liquor within any such village or township to sell therein the product of his plant to be consumed outside of such village or township.

It is the contention of the defendant that this privilege to the local manufacturer, which is denied to all manufacturers not having their plants in the prohibition district, is an unjust and arbitrary classification, because it gives the right to sell intoxicating liquors to one class, and forbids such right to others equally

entitled thereto. This claim rests upon a misconception of the proviso, which was not intended arbitrarily to grant rights and special privileges to a favored class. On the contrary, its purpose was to place all manufacturers of intoxicating liquors on a basis of equality, for without the proviso the market outside of the prohibition district would be open to all manufacturers whose plants were not therein, but would be closed to the local manufacturers having their plants within the district. The statute, including the proviso, prohibits all manufacturers from selling for consumption within the district,—all are on an equality in this respect,—and permits the local manufacturer to sell at his plant for consumption in the outside market on the same terms enjoyed by other manufacturers. The placing of local manufacturers in a class by themselves as to sales within the prohibited district for consumption outside thereof, in order to give them access to such markets, and place them on an equality in this respect with all other manufacturers, was justified by substantial differences in the situation and necessities of such local manufacturers and the plainest principles of justice. Nichols v. Walter, 37 Minn. 264, 33 N. W. 800; State v. Cooley, 56 Minn. 540, 58 N. W. 150.

The case of State v. Wagener, 69 Minn. 206, 72 N. W. 67, relied upon by defendant, is not here in point. In that case the validity of Laws 1897, c. 107, relating to peddlers, which allowed the manufacturer of goods or his servant to peddle without a license the wares of his own manufacture, but exacted such license from other peddlers, was involved. It was held that such classification was invalid. The reason for this conclusion was tersely expressed in the opinion by Justice CANTY in these words:

"For the purposes of a law to prevent peddling from becoming a nuisance, we cannot, on any proper basis of classification, distinguish between the peddling of goods by the manufacturer and his servant, and the peddling of the same goods by the purchaser from the manufacturer." The distinction between that case and this is obvious.

It is further urged that the statute here in question is limited in its operation to villages and townships of the state voting no license, and that it is also unconstitutional for this reason. If it

be conceded that cities are excluded from the purview of the statute, the classification is nevertheless a valid one. It is the same classification which is the basis of the general laws, which only confer upon the people of the villages and municipal townships of the state the right to local option as to the liquor traffic. G. S. 1894, §§ 1266, 1990. The same right is conferred upon a few of the cities of the state by their special charters. This classification as to such local option has never been questioned in this state, and it is undoubtedly within the power of the legislature in the exercise of the police power of the state as to the sale of intoxicating liquors. It was just as competent for the legislature absolutely to prohibit the sale of intoxicating liquors, whether at wholesale or retail, in villages and townships voting no license, without extending such prohibition to cities voting no license, as it was to give to such villages and townships the exclusive right of local option, or to establish prohibition in one part of a city and provide for license in the balance of its territory. We hold the statute here in question constitutional.

2. The indictment alleged in apt terms that the people of the village of Lyle, in the county of Mower, duly voted against the issuance of license for the sale of intoxicating liquors therein; that the defendant thereafter did within such village unlawfully sell to G. W. Ritter intoxicating liquor, to wit, twenty-four quarts of beer, he not then being a manufacturer of intoxicating liquor within such village. The defendant's objection to the indictment is that it fails to allege that the beer was sold for consumption within the village. The objection is without merit, for the defendant was not a manufacturer of intoxicating liquors within the village; hence he had no right to sell therein such liquors, whether they were to be consumed in or outside of the village.

3. The evidence on the trial showed that on the day named in the indictment the defendant, at the village of Lyle, received a written order from G. W. Ritter of West Mitchell, in the state of Iowa, for one case of beer, and with the order a money order for the purchase price thereof. The defendant accepted the order, and on the same day took from a warehouse in his charge within the village of Lyle a case of beer and delivered it to an express

company in such village for shipment to G. W. Ritter at West Mitchell, Iowa. This was sufficient evidence of an unlawful sale within the village. Bollinger v. Wilson, 76 Minn. 262, 79 N. W. 109. The interstate commerce clause of the federal constitution has no application to such a sale. In re Rahrer, 140 U. S. 545, 11 Sup. Ct. 865. The judgment is sustained by the evidence.

4. The trial court in effect instructed the jury that if they found that the defendant received a written order for the beer at the village of Lyle, accompanied with a money order for the price thereof, and sent the beer, pursuant to the order, to the party in Iowa sending the order, this would constitute a sale at Lyle, this state, in violation of the statute, and the defendant would be guilty of the charge contained in the indictment. The giving of this instruction is assigned as error because it was an invasion of the province of the jury as the sole judges as to the facts. It is not open to this criticism, for it correctly stated the law of the case, and left the jury to determine the facts. But, were it otherwise, the instruction would not have been prejudicial, for there was no substantial dispute as to the facts, and the question whether there was a sale in the village of Lyle was one of law.

We find no substantial or prejudicial error in the record.

Judgment affirmed.