STATE v. JOHN W. BOLLENBACH.[1]

July 13, 1906.

Nos. 14,776—(31).

**Intoxicating Liquor—Vote against License.**

> The record of an annual town meeting, showing that the question of issuing licenses for the sale of intoxicating liquors was submitted to the meeting to be determined by ballot, and that the ballots were canvassed, showing twenty four for license and one hundred five against, is competent and sufficient evidence to sustain a finding that the electors of the town legally voted against the issuance of such license.

Appeal by defendant from an order of the district court for Rice county, Buckham, J., denying a motion for a new trial, after a trial and conviction of the offense set forth in the opinion. Affirmed.

[1] Reported in 108 N. W. 3.

*Thos. H. Quinn,* for appellant.

*Edward T. Young,* Attorney General, and *E. H. Gipson,* County Attorney, for the State.

START, C. J.

The defendant was convicted in the district court of the county of Rice of the offense of selling intoxicating liquor in the town of Wheeling after the people of such town had voted against the issuance of license for the sale of intoxicating liquor therein. He was adjudged to pay a fine of $75, with the costs of prosecution, and be imprisoned in the county jail for thirty days. This is an appeal by him from an order denying his motion for a new trial.

The record presents only one question for review, viz: Was there sufficient competent evidence received to sustain a finding by the jury that the town of Wheeling had voted against the issuance of license for the sale of intoxicating liquors therein?

The indictment in this case was based on chapter 259, p. 639, Laws 1895, which prohibits the sale of intoxicating liquor in any village or township after the people thereof have voted against the issuance of the license therefor. The offense punished by this statute is not the sale of intoxicating liquor in such towns without a license, but the sale of intoxicating liquors in any manner, at wholesale or retail, after the people (electors) vote against license. State v. Johnson, 86 Minn. 121, 90 N. W. 161. It was therefore necessary for the state to show in this case that the town of Wheeling had voted no license. On the trial the state called as a witness the town clerk of the town of Wheeling, who produced a book containing what purported to be a record of its town meetings. On the front page of the book there was an unsigned statement in these words, "Town Record of the Town of Wheeling in the County of Rice and State of Minnesota," and on the back thereof the words, "Town Book A." The clerk testified that the book was a record book of the town, which was in his possession as clerk, and that he received it from his predecessor. The book was received in evidence over the objection of the defendant. Such record, so far as here material, is as follows:

> Minutes of the proceedings of the annual town meeting of the town of Wheeling held March 13, 1894.

98 M.—31

At the annual town meeting held in the town of Wheeling in the county of Rice and state of Minnesota, at 9:30 a. m. on the 13th day of March, 1894, the meeting was called to order by H. M. Hegnes, town clerk, and F. A. Kolling was chosen to preside as moderator of the meeting.

The moderator at the opening of the meeting stated the business to be transacted and the order of the same as follows: That the business to be transacted would be to elect three supervisors, one of whom should be designated on the ballots as chairman, one town clerk, one treasurer, one assessor, and other officers; also to determine by ballot the question of license, and to do other business proper to be done at said meeting. That said business would be entertained in the following order: First, the election by ballot of town officers and the voting by ballot whether or not there shall be a liquor license granted in the town of Wheeling, the ballots to be kept open throughout the day. After reciting the doing of other business, the record continues as follows:

The following is a statement of the result of the canvass of votes by ballot for the election of officers at the annual town meeting in the town of Wheeling, county of Rice, and state of Minnesota, March 13th, 1894, as publicly canvassed by the judges at said meeting.

The record then goes on to state what persons received the highest number of votes for the several offices, and says:

24 ballots for license; 105 ballots against license. On motion the meeting adjourned without day.

[Signed]

T. E. Bondy,
J. J. Bosshart,
Christian Deike,
Judges.
H. M. Hegnes,
Clerk.

Other than this there was no evidence that the town of Wheeling had ever voted against the issuance of license for the sale of intoxicating liquors therein. The defendant insists that the book was not sufficiently identified as a record of the town. This was a preliminary ques-

tion for the decision of the trial court, and its decision thereon will not be reversed if there was any evidence fairly tending to support it. The evidence was ample to identify the book as a town record, and it was rightly received in evidence. The only serious question is whether the record prima facie was sufficient to show that the town had voted against license. The record is informal, but the records of towns and school districts must be construed liberally and in a common-sense way; otherwise confusion, litigation, and injustice will be the result. So construing the record, it fairly appears therefrom that the question of licensing the sale of intoxicating liquors was regularly submitted to the annual town meeting to be determined by ballot, the voting to be kept open during the day, and that the question was so voted upon and the votes canvassed, showing twenty four ballots for license and one hundred five ballots against license.

The counsel for the defendant, however, contends that it was necessary for the state to go further and show that a petition for the submission of the question, signed by ten or more legal voters, came to the hands of the clerk twenty days at least before the town meeting, and that the clerk gave notice of the petition and submission. In support of this contention we are referred to several cases, among others Henry v. State (Tex. App.) 16 S. W. 342, and Com. v. Cope, 107 Ky. 173, 53 S. W. 272.

The statute upon which the decision of the court in the cases cited was based differs in essential respects from our own, and the cases are not here in point. The question of issuing licenses for the sale of intoxicating liquors within any particular township can only be voted on at the annual town meeting by ballot and canvassed as votes for town officers. G. S. 1894, § 1990. The town clerk is the official custodian of the record books and papers of the town, and is required to keep a record of the proceedings of the annual town meeting. The business of the meeting and the order in which it is to be transacted must be stated by the moderator. At the close of every election by ballot the votes must be canvassed, and a statement of the result entered by the clerk in the record of the proceedings of the meeting. The record must be signed by the clerk and judges. Sections 934, 935, 938, 945, 946, 982, 983, G. S. 1894. The clerk is not required to enter in his record of the meeting any reference to the petition for the submission of the

question of issuing licenses for the sale of intoxicating liquor or of the notice of the meeting stating the business to be transacted. The records of transactions of towns and other municipal corporations required to be recorded are admissible to prove the facts stated in them. The record here in question as to the vote of the town upon the question of granting licenses was such a one as the law required the clerk to keep, and was competent and sufficient evidence to sustain a finding that the town legally voted against license. Sanborn v. School District, 12 Minn. 1 (17); Heintzelman v. Druids' Relief Assn., 38 Minn. 138, 36 N. W. 100.

Order affirmed.