Commonwealth v. Green.

---

CASE 8—INDICTMENT—SEPTEMBER 25.

## Commonwealth v. Green.

APPEAL FROM LINCOLN CIRCUIT COURT.

1. AN INDICTMENT FOR A VIOLATION OF THE LOCAL OPTION LAW must, by proper averments, show that the election at which the law was approved by the voters of the particular town or district was ordered in the manner provided by the statute.   It was, therefore, not sufficient in this case to charge in the indictment that the election was ordered upon the petition of "25 per cent. of the legal voters of Stanford," as the statute requires 25 per cent of the votes cast "at the last city election."   Nor was it sufficient to charge that the election was ordered "at the July term, 1894, which was a regular term of said court after the judge had received the petition," as the statute requires the order to be made

Commonwealth v. Green.

at the "next" regular term of court after receiving the petition.

2. UNDER THE PRESENT LOCAL OPTION LAW it is proper that the order to hold the election in a town should be addressed to the sheriff and not to the town authorities.

WM. J. HENDRICK , ATTORNEY-GENERAL, FOR APPELLANT.

The indictment sets forth with particularity the facts showing that the local option law had been adopted by the town of Stanford, and is, therefore, sufficient.

W. G. WELCH FOR APPELLEE.

1. The indictment is not good, because it failed to allege facts showing that the town of Stanford had adopted the local option law at an election properly ordered, held and certified. (Fitch v. Commonwealth, 4 Ky. Law Rep., 340.)

Young v. Commonwealth, 14 Bush, 165, was overruled in Hodge v. Commonwealth, MS. Opinion, May 23, 1882.

2. The indictment affirmatively shows the election to have been improperly and illegally held. A town election under the local option law is not valid if the order to hold same is directed to the sheriff or to any other than town authorities. (Commonwealth v. King, 86 Ky., 437.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

This is a prosecution against the appellee for an alleged violation of what is popularly called the local option law, and the indictment having been held bad on demurrer, the State has appealed.

(1). The indictment charges that the election was ordered upon the petition of "25 per cent of the legal voters of Stanford," when the statute (Kentucky Statutes, section 2554), requires 25 per cent. of the votes cast "*at the last city election.*"

(2). It charges that the election was ordered "at the July term, 1894, which was *a* regular term of said court after the judge had received the petition," when the statute requires the order to be made at the *next* regular term" of court after receiving the petition.

This court can only know judicially that the legislature adopted the statute in question, and can not know, in the absence of proper averment, that the election was ordered upon the petition of a number of legal voters equal to 25 per cent. of the votes cast at the last city election in Stanford, or that at the next regular term of his court after receiving such petition, the county judge made an order for such election.

It is also contended on the authority of the case of King &c. v. Commonwealth, 86 Ky., 436, that as the order was for the election in the city, directed to the sheriff and not to the city authorities, the election thus held was invalid.

In the King case such was the construction of the old statute on this subject.

The statute then required the order of the county judge to be addressed "to the sheriff or other officer, whose duty it may be to hold the election," and it was held when a vote was to be taken in a town, "the order to hold the election should be addressed to the town authorities and the election held under their supervision and not under the supervision of the sheriff."

The present statute (section 2554, Kentucky Statutes), requires the order of the judge of the county court to be addressed to "the sheriff, or other officer of said county, who may be appointed to hold said election," and further (section 2555): "All elections provided for in this act shall be held by such officers as would be qualified to hold elections for county officers, and they shall be selected in the same way, and all elections provided for herein shall be held in accordance with the provisions of the general election laws of the State, etc."

It would seem, therefore, that the order was properly addressed to the sheriff as alleged in the indictment and that

the election held under his supervision was not on that account invalid. But for the defects indicated in the indictment the demurrer was properly sustained, and the judgment is affirmed.