CASE 105—INDICTMENT AGAINST W. N. LOCKE FOR VIOLATING LOCAL OPTION LAW.—SEPTEMBER 26.

# Locke v. Commonwealth.

APPEAL FROM BARREN CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. AFFIRMED.

LOCAL OPTION—INDICTMENT—SUFFICIENCY OF EVIDENCE—CONTEST OF LOCAL OPTION ELECTION—JUDGMENT—RES JUDICATA.

Held: 1. An indictment for a violation of the local option law need not show that the petition under which the vote was taken

was filed in the county court at the term preceding that at which the election was ordered.

2. As the prosecuting witness testified, in substance, that he went into defendant's drug store, and, without telling his business, walked to the back of the store, and laid his money on a desk or something of that kind back there, and "a little pale fellow," who was the only person in there, handed him a bottle of whisky, and that, though he did not call for the whisky, he went there hunting for whisky, there was sufficient evidence to warrant the submission of the case to the jury, though defendant himself was not present.

3. Under Kentucky Statutes, sections 2570, 2571, providing that no trick or device shall be allowed to defeat the local option law, and that a conviction may be sustained against the person in possession of the house in which the liquor is obtained, it was proper to instruct the jury that, if the sale was made by an authorized agent or clerk in the regular course of business, the defendant was guilty.

4. Judgment against the contestants in a proceeding for the contest of a local option law election is conclusive upon every person in the territory affected, and therefore, in a prosecution for a violation of the law, the defendant is estopped to claim that the election was void by reason of the fact that the petition for the election was not filed in the county court at the term preceding the one at which the election was ordered, though that question may not have been raised in the contest case, the judgment being conclusive as to every question which might have been properly raised.

J. A. CONYERS and HERMAN MORRIS, attorneys for appellant.

D. J. WOOD, for the commonwealth.

(No briefs in the record.)

Opinion of the court by JUDGE HOBSON—Affirming.

Appellant was indicted and convicted in the Barren circuit court for violating the local option law. It is insisted for him that the indictment is insufficient, because it does not show that the petition under which the vote was taken was filed in the county court at the term preceding that at which the election was ordered. In Com. v. Cope (21 R., 845) (53 S. W., 272), the previous rulings were reviewed

and the court pointed out what allegations were necessary in an indictment. This allegation is not one of those held to be necessary. Since that case was decided, the Legislature has greatly simplified these indictments. Acts 1902, p. 41.

It is also insisted that there was no evidence to warrant a conviction. The proof by the Commonwealth's witness was, in substance, that he went into appellant's drug store, and, without telling his business, walked back behind, and laid his money on a desk or something of that kind back there, and a little pale fellow, who was the only person in there, handed him the bottle of whisky. He did not call for whisky—just laid down his money, and the fellow handed the bottle to him. He guessed he was a clerk in the store, as he waited on him. He went there hunting for whisky. This was sufficient evidence to warrant the submission of the case to the jury, although the defendant himself was not present; for, as this little pale fellow was the only person in the store, the jury, as well as the witness, were warranted in concluding that he was a clerk, and from the peculiar form of the transaction they were also warranted in concluding that such sales were not unusual there. The court instructed the jury that if the sale was made by an authorized agent or clerk, in the regular course of business, the defendant was guilty. This was proper. The statute provides that no trick or device shall be allowed to defeat the law, and that a conviction may be sustained against the person in possession of the house in which the liquor is obtained. Kentucky Statutes, sections 2570, 2571. These sections are evidently intended to make the owners of stores liable in cases like this, in the absence of evidence showing that the sale was unauthorized.

It is also earnestly argued that the local option law was not in force in Barren county. This contention is based on the fact that the petition for the election, though delivered to the county judge in proper time, was not filed in the county court at the term preceding the one at which the election was ordered; and upon the authority of Wilson v. Hines, 99 Ky., 221 (18 R., 233) 35 S. W., 627, 37 S. W., 148, Cress v. Com. (18 R., 633) (37 S. W., 493), and Com. v. Green, 98 Ky., 21 (17 R., 579) 32 S. W., 169, it is argued that the election was void. But, after the election was held, it was contested. The contest was heard by the county contest board, who decided against the contestants. An appeal was taken from their judgment to the circuit court, and from it to this court, with the same result. Waller v. Murray, 21 R., 783, 53 S. W., 25. It was insisted for appellant that the judgment in the contest proceeding does not conclude him, upon three grounds: First, the election was void, and the judgment in the contest case could give no vitality to that which was null; second, the question was not presented or determined in the contest case: third, appellant was not a party to that suit.

1. The petition not having been properly filed, and the county judge having no authority to order the election, it was void, as held in the cases above referred to. Being void, the judgment in the contest case could not cure the vice in it; but that is not the effect of the judgment. A judgment estops the parties against whom it is rendered to raise the question that has been adjudicated against them. Thus, if a note is a forgery, yet, if a judgment has been rendered upon it by default, the defendant will not be allowed to plead that it is a forgery in a subsequent proceeding for the reason that he is concluded by the judgment. So, though a patent is issued without proper legal

authority, yet, if one action to quash it has been defeated, the same parties will not be allowed to raise the question in a subsequent suit. The doctrine of estoppel by former judgment rests upon the maxim that there must be an end to litigation. The object in having courts of justice is that litigated questions shall be decided, and that, when once decided, they shall not be again brought under discussion. The judgment is a bar because the peace and prosperity of society and public policy forbid the relitigation of matters once decided. 1 Freem. Judgm., section 247; Hardwicke v. Young (110 Ky., 504) (22 R., 1906) 62 S. W., 10.

2. The rule is elementary that, when a matter is in litigation, parties are required to bring forward their whole case; and "the plea of *res adjudicata* applies not only to the points upon which the court was required by the parties to form an opinion, and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." Davis v. McCorkle, 77 Ky., 746; Williams v. Rogers, Id., 776; Hardwicke v. Young, supra. The same rule is laid down in Freem. Judgm., section 249. Near the close of that section the learned author says: "So, where the character and effect of a writing is settled by the judgment of a court of competent jurisdiction, it can not be shown in another action between the same parties that it ought to be given a different effect; and a judgment in favor of defendants in a suit against county commissioners to enjoin an assessment for road improvements on the ground of their want of jurisdiction to make it a bar to a subsequent suit claiming their want of jurisdiction upon a ground not before urged." Whether the petition for the election was properly filed and the election regularly ordered was a ground

of contest, and should have been presented in the contest proceeding. The judgment in that case is none the less effective because all the grounds of contest which existed were not presented.

3. By section 2566, Kentucky Statutes, elections under the local option law may be contested by any number of the citizens and legal voters, not less than ten, of the territory to be affected; and written notice of the contest must be given to the county judge, and published, as therein directed. Under this provision any one in the district affected may have himself made a contestant, for the number of contestants is unlimited. The statute also provides that any number of citizens and legal voters, not less than ten, may become contestees. The judgment that is rendered is either that the majority of the legal votes cast at the election were against the sale of intoxicants or were in its favor; in other words, the judgment is in favor of the law or against it, and puts it in force in the whole territory, or declares that it is not in force. It is, therefore, a judgment binding the entire territory. What, then, is its effect as to persons not in fact parties to the contest? In Freem. Judgm., section 176, it is said: "In many instances the relation of the nominal parties to the suit to other persons is such that the latter are conclusively bound by a judgment against the former, in the absence of fraud or collusion, although they are not notified of the pendency of the suit, and are not called upon to conduct its prosecution or defense    In respect to the question who are those parties whose interests are thus inseparably associated, the decisions are often inconsistent; but undoubtedly the general principle, sanctioned by a vast preponderance of authority, is that every person who has made an unqualified agreement to become responsible for the result of a litigation,

or upon whom such a responsibility is cast by operation of law in the absence of any agreement, is conclusively bound by the judgment." Then, after showing in section 177 that a stockholder is so far an integral part of the corporation that, in view of the law. he is bound by a judgment against the corporation requiring it to levy and collect unpaid assessments on his stock, he takes up in section 178 the relation of citizens in political divisions of the State, and says: "A judgment against a county or its legal representatives in a matter of general interest to all its citizens is binding upon the latter, though they are not parties to the suit. . . . An action having been brought by certain taxpayers of a town to enjoin the issue of bonds, a judgment against them was held to be conclusive upon all other taxpayers. . . . Either this must be true, or each citizen, and perhaps each citizen of each generation of citizens, must be at liberty to commence an action and litigate the question for himself, either in his own name, or in that of the municipality, or of the people of the State, or in some other mode adapted to the litigation of the question." When a contest is instituted under the local option act, the persons who, according to the statute, are made contestants and contestees, become the legal representatives of the territory affected. The judgment determines whether or not the law has been put in force. If the decision on the contest in question had been against the law being in force, appellant could not have been indicted. The Commonwealth would not have been allowed to show that the board made a mistake, or that the facts were not properly gotten before it. The judgment would have been conclusive upon all parties. The judgment that the law was in force is equally conclusive upon all parties. It has been settled and determined in the manner provided by the statute that

the law is in force, and the question can not be relitigated in each prosecution that may be instituted for its violation. To allow this would be in effect to nullify that judgment, and to ignore the rule that the well-being of society requires that matters once judicially settled shall not be relitigated.

Judgment affirmed.