CASE 21—ACTION BY WESLEY VICROY AGAINST W. L. MORAN FOR TRESPASS TO LAND.—DEC. 18.

# Moran v. Vicroy.

APPEAL FROM MASON CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.  AFFIRMED.

JUDGMENTS—CONCLUSIVENESS—MATTERS OF ISSUE—ESTOPPEL—RES JUDICATA.

Held:   1. Where plaintiff sued defendant for trespass on certain land, which suit involved the title to the land, and at the same time brought a suit in equity to restrain defendant from repeating his trespasses on the identical land in controversy in the action at law, a judgment in favor of plaintiff in the action for trespass was *res judicata* as to plaintiff's title, and estopped defendant from relitigating such question in the injunction suit.

2. A judgment of a court of competent jurisdiction on the merits of a cause is conclusive between the parties in a subsequent action on the same cause, not only as to the matters actually litigated and determined in the former action, but as to every ground of recovery or defense which might have been presented or determined therein, either at law or in equity.

E. L. WORTHINGTON, FOR APPELLANT.

A general verdict in favor of a plaintiff in a suit where he is asserting several distinct claims, on any one of which the verdict might have been found, is not an estoppel against the defendant in a subsequent action as to the validity of any one of those claims, unless it be shown by extrinsic evidence that each of those claims was decided in favor of the plaintiff.   Russell v. Place, 94 U. S., 606; Sawyer v. Woodbury, 66 Am. Dec., 518; 1 Freeman on Judgments, sec. 276; 2 Black on Judgments, sec. 629; Stillwell v. Duncan, 23 R., 261.

THOMAS R. PHISTER, FOR APPELLEE.

Although an action for trespass does not necessarily involve the question of title, yet where the title is put in issue and relied on as a defense, the judgment is *res adjudicata*.

### AUTHORITIES CITED.

High on Injunctions, secs. 697, 698; Preston v. Preston, 85
Ky., 18; Stillwell v. Duncan, 23 R., 261; Walker v. Leslie,
90 Ky., 642; Wheelock v. Redford, 82 Ky., 392; Carlisle v.
Howes, 19 R., 1240; Frances v. Wood, 81 Ky., 22; Davis v.
McCorkle, 14 Bush, 746; Freeman on Judgments, 260; Murrell
v. Citizens Sav. Bank, 19 R., 694; Fitzpatrick v Board of Trus-
tees, 87 Ky., 136; Preston v. Roberts, 12 Bush, 579; Boone on
Code Pleading, sec. 11; Clark v. Hart, 98 Ky., 33; Spencer v.
Parsons, 89 Ky., 582.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

Appellant and appellee were the owners of adjoining farms,
and for several years a controversy has existed between
them as to the ownership of a strip of land about ten by
twelve feet wide, and seventy-three poles long.   On August
2, 1898, the appellee, Vicroy, brought an action against the
appellant, alleging in three separate paragraphs that ap-
pellant had on three separate occasions torn down the di-
vision fence which he had erected upon his own land be-
tween their respective farms for the protection of his
stock.   The appellant filed an answer to each paragraph
of the petition, denying that appellee was the owner or in
possession of the land on which the alleged trespass was
committed.   In a second paragraph he alleged that he was
the owner and in possession of the land at the places at which
the alleged trespasses were committed.   On the same day
that appellee brought his action of trespass, he brought
this action in equity, reciting the same acts of trespass,
and alleged that, unless the defendant was restrained, he
would continue to repeat his trespasses upon the land and
against his rights and property, and would inflict other
wrongs upon him, to his great and irreparable injury, and
prayed that appellant should be restrained from removing

his fence or landmarks, or from interfering with his use and occupation of his property. Appellant's answer in this suit was also a plea of liberum tenementum. The common-law case was tried out before a jury, who found a verdict for the appellee, Vicroy, fixing his damages at one cent. Thereupon appellee, by amended petition, pleaded the judgment in the common-law action as an estoppel against appellant's claim to any part of the strip of land on which the alleged trespasses were committed. The appellant demurred to this plea, which the court overruled. He thereupon filed a rejoinder, in which he denied that the verdict rendered in the common-law action was upon the issue joined as to the first and third of the alleged trespasses. The circuit judge sustained appellee's demurrer to this rejoinder, and, on appellant's declining to plead further, rendered a judgment in favor of appellee, enjoining appellant from trespassing on any portion of the strip of land claimed by appellee. From this judgment, appellant prosecutes this appeal.

The only question upon this appeal is the sufficiency of appellant's rejoinder, as a defense to the plea of res adjudicata. Appellant insists that as the appellee in his common-law suit sought to recover upon several distinct causes of action, on any of which the jury might have found in his favor, that the general judgment rendered pursuant thereto was not an estoppel against him in a subsequent action, unless it be shown by extrinsic evidence that each separate cause of action was decided in his favor by the jury. And in support of this contention he refers to several authorities—among others, to the case of Stillwell v. Duncan, 23 R., 261, 62 S. W., 898. In that case Stillwell brought a suit for trespass, alleging that he was the owner and in possession at the time of Duncan's

inclosure. This was denied by Duncan, and a jury trial resulted in a verdict in favor of Stillwell, which was not appealed from. Stillwell then retook possession of the land and rebuilt his fence, but, as Duncan claims, extended it beyond the line where the original fence stood, taking in some of his land. Duncan brought his suit for trespass. Upon the trial of that case, Stillwell asked an instruction to the effect that, if the jury believed that the last fence was within the line of the original fence, the law was for him. This was refused, and upon appeal it was decided that the exact position of the old fence did not absolutely determine whether the erection of Stillwell's new fence was a trespass upon Duncan's land, as the proof showed that it had been extended beyond the point where the old fence stood. There is no uncertainty in this case of what was the issue in the common-law action, or what was decided by the verdict of the jury. There is no contention that the fence torn down by appellant was not the identical fence and upon the identical line as that sued for in the common-law action. The only real question which was involved in the common-law suit and also in this suit is the title to the strip of land in controversy. And as it was decided in the common-law suit that appellee was the owner of the land, and as the question of title to the same land is involved in this case, we are of the opinion that the judgment in the former case is conclusive of the issue in this case. The rule is well settled that a judgment of a court of competent jurisdiction upon the merits of a cause is final and conclusive between the parties in a subsequent action upon the same cause, not only as to the matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein. This rule is ap-

plied both in law and equity. See Carlisle v. Howes, 19 R., 1238, 43 S. W., 191, and 24 A. & E. En. of Law 2d Ed.), p. 780.

Judgment affirmed.