## Davis v. Davis.

(Decided May 27, 1915.)

Appeal from Breathitt Circuit Court.

Divorce—Custody of Children.—Where the court granted the wife's prayer for divorce, and awarded her the custody of the four infant children and the life use of a certain farm which would not afford a support for her and the children, held, in view of the kind and amount of the property possessed by the husband, the judgment of the lower court did not make an equitable provision for the wife and children.

CHESTER A. BACH, KELLY KASH, W. L. KASH and KASH C. WILLIAMS for appellant.

W. W. McGUIRE for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

The appellant brought this action for divorce and alimony on the ground that her husband had abandoned her and was living in adultery with other women. The court on a hearing of the case adjudged that while the charge of adultery was not sustained by the proof, yet she was entitled to a divorce on the ground of abandonment. Pending the litigation, the court made an allowance of $50 per month for the support of herself and four infant children. At the time of trial the husband had paid half of the allowance; in other words, he owed

on that account $250. On final hearing, the court adjudged that the husband pay the cost of the action, including the wife's attorney fees, $100, and the $250 theretofore allowed the wife, and the further sum of $250 (payable July 1, 1914), and she was awarded the care and custody of the children with the right to the proceeds of their labor. As further alimony, the court gave direction as to the use and occupation of certain lands owned by the parties. Being dissatisfied with the judgment as to alimony, and claiming that the allowance is not sufficient for the support of herself and children, the wife appeals. It will not be necessary to make reference to the proof concerning the grounds of divorce more than to say that the wife is shown to be without fault, and the court properly so adjudged.

When the husband abandoned the wife, they were living on the farm which she still occupies. The house is old and in bad repair, built of logs, and has but two rooms. Of the four children the oldest, a boy, is now 20 years of age, and the youngest is 12. This farm contains about 200 acres. 30 or 40 acres are cleared, and of the cleared land about half is creek bottom. The remainder is in the hills and much worn. The wife inherited at least 100 acres of this farm from her father. Another 50 acres of it, known as the Watson place, was purchased and paid for by the husband, although the title was placed in the wife. There is another small tract, the acreage of which is not shown, that is worth not more than $125. The remainder is made up of what is known as the sand field. While the proof is not clear as to origin of the sand field tract, it seems that it was purchased by the wife at decretal sale for $1,385. The husband's mother signed the sale bond, as surety, and has paid one-half of the purchase price. It does not satisfactorily appear whether the sale bond has been wholly paid.

After directing the cash payments in the way of alimony above referred to, the court adjudged that the wife should have the use of the 200 acres just described—the land inherited from her father, and that partly paid for by her mother-in-law, and that paid for by the husband "for and during her natural life for her support." In addition to this provision the court gave her the use until January, 1919, of 100 acres known as the Vina Craft farm, and situated about a mile up the creek from the wife's home place already referred to. Of course, the

property the wife inherited from her father did not in anywise come to her from her husband by reason of the marriage. Nor are her marital rights affected by the circumstance that her mother-in-law signed a sale bond as surety. For these reasons alone, we would have to say that the court erroneously adjudged her only a life use in these tracts.

It will be observed that the court made no provision for the children. While they are at an age where work would ordinarily be expected of them, yet, it appears from the proof, in order to make a support from the farm for their mother and themselves, they would have to stay there all the time, and thus be deprived of further opportunity to attend school. Before their parents separated, some of the children were in school at Berea, and the indications are that all of them were receiving more than average educational advantages. Under these circumstances, and in view of the kind and amount of property possessed by the husband, we are convinced that the judgment does not make an equitable provision for the wife and children. She is charged with their care and custody without sufficient means to take care of them. He has $5,000 cash in bank, and $2,500 loaned out on good security; his indebtedness is not more than $1,800. He owns a one-third interest in 1,100 acres on the south fork of Quicksand creek, about six miles from the land already referred to. His mother, who is over 70 years of age, owns a third of the 1,100 acres on Quicksand, and also has cash and other property worth at least $8,000. But it is not necessary to take that into consideration, more than to note that the appellee and the children of his deceased brother are her only heirs-at-law. There is not much timber value on the lands of either party, but there is probability of coal value on his land. Aside from timber and coal, we take it from the proof that these lands are of about the same value per acre as those allowed to the wife for life. His landed interests are worth at least $4,000. The lower court declined to make a substantial cash allowance for the wife because "the defendant is not a money making man, nor engaged in any active business." Neither is she, but it is disappointing to find in the record no excuse for his inactivity. Considering the circumstances of the parties, we believe it would be equitable for the present at least, to permit the wife to retain the use of the Watson and Vina Craft tracts along with her own land, and the hus-

band will pay the $250, arrearage *pendente lite,* and the other $250 cash payment. He should also pay to his wife $25 per month, and in addition thereto $40 per month to her for the support of his children; that is, $10 each. These monthly payments for wife and children beginning with and computed from Nov. 1, 1914. As each child arrives at age or becomes self-supporting, his allowance of $10 will cease. The court will keep the case on the docket, and if the circumstances of the parties change, and the equities of the case demand, he will make orders and allowances in accordance therewith.

For these reasons, the judgment is reversed with directions for proceedings in conformity hereto.