## Davis. v. Davis.

(Decided January 21, 1919.)

Appeal from Breathitt Circuit Court.

1. Appeal and Error—Compliance with Mandate—Duty of Chancellor.—Where, on an appeal from a judgment awarding alimony, the judgment is reversed with directions to enter judgment in conformity with the opinion of this court, it is the duty of the chancellor to obey the mandate and comply with the directions therein.

2. Appeal and Error—Divorce—Alimony—Reversal—Compliance with Mandate—Right of Litigant—Subsequent Appeal.—Where, on an appeal from a judgment for alimony, the judgment is reversed with directions to enter judgment in conformity with the opinion, the husband cannot then relitigate the propriety of the judgment directed to be entered, but can complain only of the failure of the chancellor to enter judgment in conformity with the opinion.

3. Appeal and Error—Reversal—Compliance with Mandate—Subsequent Appeal.—Where, on an appeal from a judgment for alimony, the judgment is reversed with directions to enter judgment in conformity with the opinion, the judgment so entered will, on a subsequent appeal, be affirmed, where it conforms to the opinion of this court.

4. Appeal and Error—Divorce—Alimony—Amount in Controversy—Dismissal.—The circuit court is without jurisdiction to grant an appeal on a judgment for alimony in the sum of $285.00, and the appeal will be dismissed.

McGUIRE & McGUIRE for appellant.

CHESTER A. BACH and KASH C. WILLIAMS for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming the first judgment and dismissing the appeal from the second judgment.

This is the second appeal of this case. The opinion on the former appeal may be found under the title of Davis v. Davis, 165 Ky. 115, 176 S. W. 955. The action was brought by Amelia Belle Davis against her husband, J. M. E. Davis, for divorce and alimony. Judgment was rendered, granting the divorce and awarding the wife a life interest in a tract of land which she inherited from her father, and two tracts known as the Sand Field tract and the Watson place. She was also given the temporary use of another farm known as the Vina Craft farm. The husband was also adjudged to pay the costs of the action, including the wife's attorneys' fees and the sum of $250.00 theretofore allowed, and the further sum of $250.00 on July 1, 1914. On the first appeal, that portion of the judgment awarding the wife only a life interest in the land inherited from her father and in the Sand Field tract was reversed. It was further held that the money allowance made to the wife was insufficient, and that upon the return of the case, the chancellor should allow her $25.00 per month for her own use, and $10.00 for the support of each of her four infant children, the payments to begin on November 1, 1914. The chancellor was further directed to keep the case on the docket, and to make such changes in the allowances as the altered circumstances of the parties might demand. Upon the return of the case, the chancellor rendered a judgment on April 21, 1916, which conforms to the opinion of this court, and set aside the original judgment in so far as it conflicted therewith.

Several months later, the chancellor, on August 6, 1917, issued a rule against the husband, requiring him to pay to the plaintiff, on or before the 33rd day of the pending term of court, the sum of $285.00 theretofore due to Mrs. Davis for the support of herself and children.

From the judgments of April 21st, 1916, and August 6th, 1917, this appeal is prosecuted.

Having, on the first appeal, reversed the judgment with directions to enter judgment in conformity with the opinion, it was the duty of the chancellor to comply with the mandate and obey the directions therein. The defendant was not, then, entitled to relitigate the propriety of the judgment directed to be entered. He could complain only of the failure of the chancellor to enter judgment in conformity with the mandate. Since the first judgment appealed from is not subject to complaint in

this respect, it follows that there is no ground for reversal.

With respect to the judgment of August 6, 1917, our conclusions may be stated as follows: The appeal was granted below. An appeal from a money judgment for less than $500.00 can be granted only by this court. Childers, et al. v. Ratcliff, et al., 164 Ky. 123, 175 S. W. 25. The amount here involved is only $285.00. Hence the circuit court was without jurisdiction to grant the appeal.

Wherefore, the first judgment is affirmed and the appeal from the second judgment is dismissed.