## City of Ashland v. Meade.

(Decided September 28, 1920.)

### Appeal from Boyd Circuit Court.

1.   Municipal Corporations—Power to Assess for Street Improvement Property Outside City.—Under a statute authorizing a city to assess the cost of street improvements against lots abutting on the street improved, it is not authorized to assess the tax against lots outside the city limits.

2.   Municipal Corporations—Power to Assess for Street Improvement Property Outside City.—Where the west line of a street was the boundary line of a city it had no authority to assess against lots abutting on the west line of the street any part of the cost of the improvement of the street, as the statute did not expressly confer this power.

3.   Municipal Corporations—Power to Assess for Street Improvement Property Outside City.—Whether it would be competent for the legislature by express enactment to authorize the assessment of property outside the city limits for the improvement of a street that was the boundary line, and on which the property sought to be assessed abutted is not decided.

S. S. WILLIS for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Affirming.

The west side of 13th street, in the city of Ashland, is the boundary limits of the city.   Under the authority conferred on the municipality by the statute, the city ordered the improvement of 13th street at the cost of the property abutting on the street.   Under the statute the property on each side of the street bears one-half of

the cost of the improvement, and this cost is a lien on the abutting property.

After the street improvement had been made the city assessed one-half of the cost against the property on the east side of the street, which was within the corporate limits, and assessed the other one-half against the abutting property on the west side of the street and which was outside of the corporate limits.

In this suit the city undertook to enforce its lien on the abutting property of the appellee, Meade, which was located on the west side of the street, and there being no dispute about the facts, the lower court ruled that the property of Meade was not subject to the lien and dismissed the petition of the city.

It will thus be seen that the only question in the case is, did the city have a lien, on the abutting property, that was outside the corporate limits? Section 3572 of the Kentucky Statutes, which is a part of the charter of cities of the fourth class, of which Ashland is one, provides, in part, that streets and other public ways may be improved , ''at the exclusive cost of the owners of the lots, and parts of lots, or land fronting, or abutting or bordering upon the grounds so improved, to be equally apportioned by the board of council according to the number of front feet owned by them respectively,'' and section 3576 provides that the assessment for the improvement ''shall be a lien upon the property fronting or abutting or bordering upon the street or other improvement.''

It is under these provisions of the statute that the assessment was made, and the lien sought to be enforced.

It is, of course, manifest that these general provisions of the statute have reference to the assessment of property within the city limits, but it is here contended on behalf of the city that they have an extra territorial effect and authorize in cases like these the assessment of property outside the city limits.

There is some authority holding that where the statute in express and unmistakable terms authorizes it, property outside of the city that abuts on a street within the city may be assessed its proportionate cost of the improvement of the street. Page and Jones on Taxation and Assessment, section 637, p. 1088. But no authority has been brought to our attention that would authorize the assessment of property outside the city under the provisions of a statute similar to the one here applicable.

It is at once apparent that an assessment such as is here sought to be imposed would be made without the

owner having any voice whatever in the proceeding of the city council under which the assessment was made. It would be a species of taxation without representation.

We do not, however, in this case find it necessary to decide whether such a tax could be assessed even if expressly authorized by statute, and this question we leave open, contenting ourselves with the statement that under the statute there is no authority for the imposition of the assessment.

Wherefore the judgment of the lower court is affirmed.