### Hill, et al. v. Unity Oil Company, et al.

(Decided June 24, 1927.)

## Appeal from Allen Circuit Court.

1. Appeal and Error.—If all rights of parties are not determined by opinion, parties after filing of mandate of reversal may file amended pleadings as to matters not concluded by the opinion and raise issues not presented on former trial, where it is shown that these have developed since the former trial or where a good reason is presented for not having pleaded them therein.

2. Appeal and Error.—Where plaintiffs suing for cancellation of oil and gas lease for nondevelopment obtained injunction against every sort of developmet pending suit, and where decree canceled lease and effectively stopped development, held after reversal of decree petition could not be properly amended to plead abandonment on part of lessee as ground for cancellation.

3. Abandonment.—Abandonment is primarily a question of intention, and when relied on facts constituting it should be pleaded to show such intention.

4. Appeal and Error.—In action for cancellation of oil and gas lease for nondevelopment, allegations of nonincorporation and failure of corporate defendant to designate process agent held too late when first made by amendment of pleadings after reversal of decree for cancellation.

N. P. SIMS and JOHN B. RODES for appellants.

M. H. THATCHER and W. D. GILLIAM for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS— Affirming.

This is a second appeal, the former judgment of the circuit court canceling an oil and gas lease for nondevelopment being reversed by this court on the first appeal. Unity Oil Co. v. Hill, 200 Ky. 651, 255 S. W. 151. On a return of the case appellants filed an amended petition pleading abandonment upon the part of the lessees. A demurrer was sustained to this plea and the petition as amended dismissed. Plaintiffs appeal.

The original lease covered a boundary of 300 acres. Two hundred and six acres of this leasehold was assigned several times. One of the assignees reserved a one-sixteenth royalty interest in addition to a one-eighth royalty reserved by the original lessor. Later this assignee assigned one-half of the one-eighth interest in the royalty. At the time of the filing of this suit, J. O. Butler and the Unity Oil Company owned a developing interest of

thirteen-sixteenths in the 206 acres, the leasehold in the remainder of the tract being held by T. C. Helm. All of the lessees and royalty owners were made parties defendant in the original action, and at the institution of the suit in May, 1920, plaintiffs obtained an injunction restraining all of the defendants except Helm from entering upon any part of the 300-acre tract or making any development thereon.

The opinion of the court was delivered in November, 1923, but not filed until December, 1924, at which time the amended petition was filed. The plea of abandonment in that pleading is based on the allegation that the Unity Oil Company and J. O. Butler had made no further effort to develop the property, but, on the contrary, had abandoned and given it up; that the Unity Oil Company was in fact unincorporated and had no agent in Kentucky upon whom process could be served, and later it dissolved and disintegrated; and that there had been no development upon the 100-acre tract and that the other lessees had abandoned the lease thereon. Admittedly, upon the filing of a mandate of reversal if all the rights of the parties are not fully determined by the opinion the parties may file amended pleadings as to matters not concluded by the opinion and raise issues not presented in the former trial, where it is shown that these have developed since the former trial, or a good and sufficient reason is presented for not having pleaded them therein.

Assuming the propriety of filing a pleading such as this amended petition upon a sufficient allegation of fact, we do not think it was justified in this case. True, the lease was for five years and by its terms expired in December, 1922, but the record discloses that at the filing of their petition in 1920, plaintiffs enjoined all of the defendants except Helm from every sort of development, and the judgment entered in 1921 canceled the entire lease and effectually stopped development upon the part of all the defendants. Manifestly, the time covered while the judgment and injunction were in force cannot be computed as a part of the five-year period; hence it cannot be said that the lease has expired. For the same reason the inaction of the parties during this period of time cannot be pleaded as an abandonment of the lease. Abandonment is primarily a question of intention, but when relied upon facts should be pleaded showing such intention. The facts stated in the amended petition are insufficient for

that purpose, and allegations as to the nonincorporation and the failure of the Unity Oil Company to designate a process agent come too late. The further allegation that such corporation is dissolved might be evidential if the fact of abandonment was otherwise properly pleaded, but this alone does not state a cause of action.

As to T. O. Helm and the other appellees claiming an interest in the 100-acre tract, the same principle applied. In the original action there was no segregation of leasehold interest, and the court upheld the validity of the lease as to the entire 300-acre tract. Also, those lessees were bound by the first judgment until it was reversed in the same manner as were the Unity Oil Company and J. O. Butler; hence the same rule would apply to them. Aside from this it does not appear whether the well in question was drilled before or after such segregation of the leasehold interest. In this view of the case it is unnecessary for us to determine the effect of development by the remote assignee upon the portion of the lease which has been devided.

Wherefore the judgment is affirmed.