## Blanton et al. v. Wilson.

(Decided June 3, 1930.)

B. M. LEE for appellants.

BROCK & JONES for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Wilson instituted an action against Blanton to enforce a statutory lien on abutting lots for sidewalk improvement in the town of Wallins. A dozen defenses were interposed and the circuit court declined to enforce the assessment. Wilson prosecuted an appeal to this court and the judgment of the circuit court was reversed. Wilson v. Blanton, 226 Ky. 518, 11 S. W. (2d) 127. It was determined by this court that Wilson was entitled to enforce the lien against the property of Blanton. When

the mandate was filed Blanton made a motion to permit him to take further evidence, and offered to file a purported map of the town of Wallins. It was said that the map showed that the sidewalks in controversy were constructed outside the town limits and that the property of Blanton was not located within the municipality. The motion was supported by an affidavit of the surveyor who made the map. He stated that in the past few months he had been requested to make the map. He then stated how he made the survey and map, and stated that the boundary line was run in accordance with a certified copy of the map of the town of Wallins, which had been furnished by the defendant Grover Blanton. Blanton did not file his affidavit or tender an amended pleading, or manifest in any manner his reasons for failing to raise the question sooner. The circuit court overruled the motion and entered judgment in accordance with the opinion of this court. Blanton has prosecuted the present appeal insisting that the lower court erred in refusing to permit him to file the map and to introduce further proof to the effect that his lots were outside the town limits.

It is plain that the court committed no error. In the first place, there was no issue in the case as to the boundary lines of the town or as to the location of the lots within the limits of the town. The offer to introduce evidence to show that the lots were outside the town related to no issue in the case, and was irrelevant. Evidence may not be admitted in any event unless it has relevancy to some issue in the case. Wells v. West, 228 Ky. 737, 15 S. W. (2d) 531.

In the next place, the opinion of this court on the former appeal concluded the rights of appellant on every available ground of which he had knowledge. He was not at liberty to present his defenses by piecemeal, and by presenting a part only of the available grounds, reserve others for another possible claim if he did not win on the ones made. The decision concludes matters actually presented to sustain or defeat a right asserted and also any other available matter which might have been presented to that end. The opinion on the first appeal settles all questions upon which the court was actually required by the parties to pronounce judgment, and likewise every point which properly belonged to the subject of litigation, and which the parties exercising

reasonable diligence, might have brought forward. Francis v. Wood, 81 Ky. 16; Locke v. Com., 113 Ky. 868, 69 S. W. 763, 24 Ky. Law Rep. 654; Moran v. Vicory, 117 Ky. 195, 177 S. W. 668, 25 Ky. Law Rep. 1305; Aylor v. Aylor, 158 Ky. 713, 166 S. W. 216; Elswick v. Matney, 132 Ky. 294, 116 S. W. 718, 136 Am. St. Rep. 180; Phillips v. Big Sandy Co., 149 Ky. 555, 149 S. W. 957. If the lots of appellant were not in the town, it constituted a good defense. City of Ashland v. Meade, 189 Ky. 100, 224 S. W. 642. But the question was at the threshold of the controversy, and should have been advanced when the defenses were being invoked. The failure to present it is not explained or excused, and it is now too late to inject a new theory to defeat the lien, or to relitigate the propriety of the judgment rendered at the direction of this court. Davis v. Davis, 182 Ky. 805, 208 S. W. 6; Shuey v. Hoffman, 224 Ky. 765, 7 S. W. (2d) 202; Hill v. Unity Oil Co., 220 Ky. 800, 295 S. W. 1040. It is apparent, therefore, that the court ruled rightly in entering judgment as directed by the opinion of this court on the previous hearing.

The judgment is affirmed.