## Sullenger v. Carey-Reed Co. et al.
### Harris v. Same.
### Yates et al. v. Same.
(Decided Nov. 19, 1935.)

CHARLES FERGUSON for appellants.

NUNN & WALLER and A. C. MOORE for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Under an ordinance adopted by the board of councilmen of the city of Marion, a system of sanitary sewers was constructed during the year 1930, at the cost of abutting property owners. Some of the property owners paid the assessments in cash, others elected to pay on the ten-year plan, and others, including the appellants, resisted payment on the ground that their property did not abut on the improvement and was not liable for the assessment. One of the sewers was constructed along Gum street, and the cost of the improvement was assesed against the property abutting on that street.

Assessment warrants were issued to the contractor, Carey-Reed Company, and it brought a suit against the property owners to enforce the assessment lien. The circuit court held that the assessment had not been made in accordance with the statute, and dismissed the action. A new assessment was made, and the contractor brought a second suit against the property owners, including appellants, to enforce the liens upon their property for

the amounts of their assessments. The defendants resisted payment chiefly on the ground that their property did not abut on Gum street, since they had sold to the city a strip along Gum street 5 feet wide to enable the city to widen the street. The circuit court dismissed the action, and on appeal to this court the judgment was reversed. Carey-Reed Co. v. Sisco et al., 251 Ky. 22, 64 S. W. (2d) 430, 433. In the course of the opinion it was said:

"The defendants insist that they were not abutting property owners on these facts: The street was originally 40 feet wide. When the highway commission determined to lay the state highway over the street it was widened to 50 feet to comply with the demands of the state highway commission, the city buying 5 feet on either side. The street is now 50 feet wide and the defendants' property fronts on the street as thus widened. These are the facts as shown by the undisputed proof. While the title to the property, when the deed was made to the city for the 5 feet on the defendants' side, does not state all the facts, the facts are shown by the testimony, and under the facts the defendants are abutting property owners on the street, which is now 50 feet wide."

The mandate was filed in the circuit court on January 1, 1934, and on March 22, 1934, a judgment was entered adjudging a lien for $567.22 against the land of W. D. Sullenger situated on the south side of Gum street, and for $741.49 against two lots owned by the heirs of W. S. Yates. In describing the lots in the judgment, the description in the petition was followed. The master commissioner was directed to sell the property upon which a lien had been adjudged, and to report his acts therein at the next term of court. The property was advertized to be sold on May 14, 1934. On May 12, 1934, when the Crittenden circuit court was in vacation, W. D. Sullenger and the Yates heirs filed a motion to have set aside or modified the judgment theretofore rendered so as to describe correctly the real estate of the defendants that was subject to be sold in satisfaction of the assessment liens, and to eliminate from the judgment the real estate of the defendants which did not abut on Gum street. In support of the motions of the respective defendants, affidavits were filed in which it was stated that they had just discovered that the de-

scription of the land sought to be sold did not contain a true description of the lots abutting on Gum street. In the affidavit in support of W. D. Sullenger's motion, it was stated that the description of the land to be sold included land outside the corporate limits of Marion; and in the affidavit in support of the motion of the Yates heirs, it was stated that one of the parcels of land described in the judgment was situated on the south side of Bigham street, just one square south of Gum street, and that no part of it abutted on Gum street. The circuit judge overruled the motions on the ground that he was without jurisdiction to set aside or modify the judgment theretofore rendered, and the property was sold by the master commissioner.

T. F. Harris purchased the W. D. Sullenger property, and Carey-Reed Company purchased the Yates property. W. D. Sullenger, the Yates heirs, and T. F. Harris filed exceptions to the commissioner's report of sale. The exceptions were based upon the grounds that the lots were inaccurately described; that a part of W. D. Sullenger's land which was sold was outside the corporate limits of the city of Marion and not subject to the lien for the construction of a sewer along Gum street; and that one of the lots owned by the Yates heirs did not abut on Gum street. The exceptions were overruled, and W. D. Sullenger, the Yates heirs, and T. F. Harris have appealed.

It was alleged in the petition that the property of W. D. Sullenger fronted 347.3 feet on the south side of Gum street, and was the same property conveyed to Sullenger by W. T. Martin by deed dated November 16, 1927, and recorded in deed Book 54 at page 376. A detailed description of the property was then given, and it was alleged that it was indivisible. The property of the Yates heirs was likewise particularly described, and it was alleged that it fronted on Gum street 853.8 feet and was indivisible. It is not now claimed that the frontage alleged in the petition is incorrect, but W. D. Sullenger claims that part of his lot is outside the corporate limits of the city of Marion and that such part was not in lien for the sewer construction and should not have been sold, and the Yates heirs claim that a portion of their land described in the petition and the judgment lies south of Bigham street and does not abut Gum street. They filed with their motion to set aside or modify the judgment what purports to be a plat of the section of

the city of Marion where their property is located, which shows that they own seven lots on Gum street. The two tracts described in the petition are contiguous and extend southwardly from Gum street. The plat shows that they have been divided into lots and are intersected by streets and alleys. In neither instance was an issue made as to the correctness of the description of the land or as to its indivisibility.

All of the parties who owned land on the south side of Gum street defended on the ground that they were not abutting owners and that their property, therefore, was not subject to the assessment lien. This was on the theory that they had sold to the city a strip of land 5 feet wide along the south side of the street, and that the city was the abutting owner. Their claim was disallowed on the former appeal, and the judgment was reversed with directions to enter a judgment in accordance with the opinion. Carey-Reed Co. v. Sisco et al., supra. On the return of the case the court properly ordered the land sold to satisfy the lien. The question now raised could have been raised on the first appeal, and since that was not done, the opinion on the first appeal is decisive of the rights of the parties.

In Wilson v. Blanton, 226 Ky. 518, 11 S. W. (2d) 127, the circuit court declined to enforce a statutory lien on the abutting lots for sidewalk improvements, but this court held that the contractor was entitled to enforce the lien and reversed the judgment. When the mandate was filed, the property owner made a motion to permit him to take further evidence, and offered to file a map of the town which showed that his property was outside the corporate limits of the municipality. The circuit court overruled the motion and entered judgment in accordance with the opinion of this court. The defendant appealed, and in Blanton v. Wilson, 234 Ky. 637, 28 S. W. (2d) 970, which was the second appeal of the case, this court said:

"The opinion of this court on the former appeal concluded the rights of appellant on every available ground of which he had knowledge. He was not at liberty to present his defenses by piecemeal, and by presenting a part only of the available grounds, reserve others for another possible claim if he did not win the ones made. The decision concludes matters actually presented to sustain or de-

feat a right asserted and also any other available matter which might have been presented to that end. The opinion on the first appeal settles all questions upon which the court was actually required by the parties to pronounce judgment, and likewise every point which properly belonged to the subject of litigation, and which the parties exercising reasonable diligence, might have brought forward. Francis v. Wood, 81 Ky. 16; Locke v. Com., 113 Ky. [864] 868, 69 S. W. 763, 24 Ky. Law Rep. 654; Moran v. Vicroy, 117 Ky. 195, 77 S. W. 668, 25 Ky. Law Rep. 1305; Aylor v. Aylor, 158 Ky. 713, 166 S. W. 216; Elswick v. Matney, 132 Ky. 294, 116 S. W. 718, 136 Am. St. Rep. 180; Phillips v. Big Sandy Co., 149 Ky. 555, 149 S. W. 957. If the lots of appellant were not in the town, it constituted a good defense. City of Ashland v. Meade, 189 Ky. 100, 224 S. W. 642. But the question was at the threshold of the controversy, and should have been advanced when the defenses were being invoked. The failure to present it is not explained or excused, and it is now too late to inject a new theory to defeat the lien, or to relitigate the propriety of the judgment rendered at the direction of this court.''

Appellants' attempt to distinguish the Blanton Case from the present case because they denied in their answer that their property fronted on Gum street, and, therefore, put that question in issue, which was not done in the Blanton Case. Their defense, however, was based solely on the theory that they were not abutting property owners because a strip of land purchased by the city intervened between their property and the street. The defense sought to be interposed after the mandate had been filed and after judgment had been entered in accordance with the opinion on the first appeal is an attempt to inject a new theory into the case and to make a defense which should have been invoked at the first trial. Bean v. Meguiar, 47 S. W. 771, 20 Ky. Law Rep. 885.

It is also argued that the judgment is erroneous in that personal judgment was rendered against the defendants. This is true, however, only as to the costs. The court adjudged a lien against the property for the amount of the assessment, and then adjudged ''that the costs of this action in this court and in the Court of

Appeals in the sum of $95.50 be recovered by plaintiff against the defendant.'' This was proper.

It is finally insisted that the court erred in directing the master commissioner to pay to the contractor the proceeds derived from the sale of the property, or a sufficient portion thereof to satisfy his lien debt, when the opinion on the former appeal directed that payment be made to the city treasurer.

Conceding for present purposes that payment should have been made to the city treasurer, the city is not complaining, and it is the only party that could have been prejudiced.

The judgment is affirmed.