Wilbur Fields, Louisville, for appellants.

S. M. Russell, Director of Law, Herman E. Frick, Henri L. Mangeot, Asst. City Attys., Louisville, for appellee.

WADDILL, Commissioner.

On the former appeal of this case the judgment was reversed with directions to enter a judgment authorizing the City of Louisville to proceed with the annexation of certain territory known as the "business district" of the community of St. Matthews. See, City of Louisville v. Kraft, Ky., 297 S.W.2d 39.

After the petition for rehearing was overruled, the parties contesting the annexation, hereinafter referred to as Remonstrants, tendered to the trial court an amendment to their complaint. The averments of this pleading sought to invalidate the annexation proceedings on various grounds. Re-

**Edward A. KRAFT et al., Appellants,**

**v.**

**CITY OF LOUISVILLE, Kentucky, Appellee.**

Court of Appeals of Kentucky.

July 11, 1958.

Rehearing Denied Nov. 21, 1958.

monstrants also tendered another pleading, designated as an "Amended Substituted Complaint," which contained allegations that had been stricken from the original complaint by the trial court on the former trial of the case. Objections to the filings of these pleadings were sustained. Subsequently, the trial court entered judgment authorizing the annexation· of the subject territory as directed by the opinion and mandate of this Court.

On this appeal Remonstrants urge that they were entitled to amend their pleadings and raise further issues concerning the validity of the proposed annexation. They insist that the trial court erred in sustaining objections to the filing of their pleadings and in overruling their motion for a new trial.

These contentions are without merit because on the former appeal of this case the judgment was reversed with directions to enter a judgment authorizing the City of Louisville to annex the subject territory. City of Louisville v. Kraft, Ky., 297 S:W.2d 39. Our Rules of Civil Procedure authorize this procedure. CR 50.02; see, Clay CR 50.02, Author's Comment No. 5; Coca Cola Bottling Works of Lexington v. Bingham, Ky., 277 S.W.2d 468. Hence, there was nothing else for the trial court to do but to enter that judgment. Remonstrants could not amend their pleadings at that stage of the proceeding as the case. was terminated except for the entry of judgment. There was therefore no proceeding pending in which further procedural steps, of the nature asserted by Remonstrants, could be taken. The Remonstrants could challenge only the failure of the trial court to enter judgment in conformity with the opinion and mandate of this Court. Noel's Adm'x v. Black's Adm'r, 244 Ky. 655, 51 S.W.2d 955; Davis v. Davis, 182 Ky. 805, 208 S.W. 6. Inasmuch as the judgment is not subject to this complaint, there is no ground for reversal.

Judgment affirmed.

MOREMEN, C. J., not sitting.