Elmer DUNAWAY, Appellant,

v.

Polly DARNELL et al., Appellees.

Court of Appeals of Kentucky.

May 1, 1959.

Julian W. Knippenberg, Lexington, for appellant.

Andrew V. Fox and Donald L. Wood, Maysville, for appellees.

CLAY, Commissioner.

In this automobile accident case the defendant appeals from a judgment totalling $9,400 in favor of the injured plaintiff and her insurance company. This is a second appeal by the same defendant in the same controversy. See Dunaway v. Darnell, Ky., 302 S.W.2d 122.

■ Defendant contends he was entitled to a directed verdict because the plaintiff failed to prove he negligently operated his automobile. The collision took place at night near the brow of a hill. The automobiles were moving in opposite directions, and plaintiff's car was struck near the left rear. The sole issue on the question of liability was which car had been driven to its wrong side of the highway.

Plaintiff and several passengers in her car testified she was on the right hand side of the road, and since the collision took place, the only possible inference from their testimony, if believed, is that defendant had violated his duty to remain on his proper side. This character of evidence creates an issue for the jury. Sims Motor Transportation Lines v. Foster, Ky., 293 S.W.2d 226.

■ It is next urged for reversal that the instruction on plaintiff's permanent injuries was erroneous. This instruction omitted reference to the permanent impairment of plaintiff's power to earn money. However, the same instruction was given on the former trial. On an appeal from the former judgment, while the defendant did allege errors in the instructions, he did not raise this objection. Even if this instruction was erroneous, it was tacitly approved on the first appeal, and since the opinion became the law of the case, we will not reverse on the second appeal when the same instruction is given. Lexington Ry. Co. v. Fain, 90 S.W. 574, 28 Ky.Law Rep. 743; Bray-Robinson Clothing Co. v. Higgins, 219 Ky. 293, 293 S.W. 151. In addition, since defendant did not specifically state this ground of objection to the instruction at the trial, he may not assign it as error. CR 51.

■ It is next contended plaintiff failed to prove the damage to her automobile as the difference between its reasonable market value before and after the accident. The proof showed that plaintiff's car was a new one, having been driven only 2,000 miles. A mechanic testified it was in good condition a week before the accident. A police officer who saw the car immediately after the accident testified it was "a total loss". The estimate for repairs was $1924.-50. The actual cost was $1703. The jury allowed $1303. While the proof was not in the most satisfactory form, we think the evidence amply justified this award, and if error was committed, it was harmless error. CR 61.01.

■ Defendant finally contends the insurance company was erroneously awarded $500 which it had paid to plaintiff for medical expenses. These special damages came to $580.62. When plaintiff testified that $500 had been paid her by the insurance

company, defendant moved to strike this much of plaintiff's claim. The motion was sustained, and the insurance company, which had been made a party plaintiff on defendant's motion, amended its complaint to include this amount. We need not decide if plaintiff would have been entitled to this recovery, even though she had been reimbursed by her insurance company. Clearly defendant was liable for these damages, and it is not his concern who is ultimately reimbursed for the loss. See Meuth v. Long's Adm'r, 50 S.W. 967, 21 Ky.Law Rep. 21; Sullenger v. Carey-Reed Co., 261 Ky. 374, 87 S.W.2d 974.

The judgment is affirmed.