**Flora M. BAIN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1959.

Raymond Connell, Paris, for appellant.

Jo M. Ferguson, Atty. Gen., Seth T. Boaz, Jr., Asst. Atty. Gen., for appellee.

BIRD, Judge.

Flora M. Bain was found guilty of criminal abortion. Her punishment was fixed by a jury at a fine of $500 and one year in the state penitentiary. She appeals.

For reversal she insists that the evidence was insufficient to sustain the verdict.

■ The defendant was not a physician. The victim, a young woman, testified that the defendant operated on her with certain instruments at a time when she was pregnant. She also testified that she became ill and sought the attention of a physician. The physician testified that the victim was pregnant, that an operation had been performed on her with some type of instrument, that the victim was thereby caused to miscarry and that the operation was not necessary to preserve the victim's life or health. While other evidence also points to defendant's guilt we have pointed out enough to authorize a submission to the jury.

■ She further complains that certain instruments introduced into evidence were found in her abode as the result of an illegal search. There is nothing in this record to show that any constitutional right was violated in the procurement of the instruments. If there was a search there is nothing to show that it was made illegally. Further, the instruments were introduced into the evidence by the arresting officer without objection. Errors and the exceptions thereto must appear in the trial record if they are to be considered on appeal. Criminal Code of Practice, § 340.

■ The defendant complains that the trial court erred in rejecting the testimony offered by her. The prosecuting witness was asked if her former husband was responsible for her pregnancy. She was also asked if she had not gone to Florida to try to get relief from her pregnancy. Then she was asked who else she had seen about an abortion. The Commonwealth objected to each question as it was asked and the court sustained each objection. The defendant contends that the court erred in each instance. It is obvious that the information sought by this inquiry would have been wholly and clearly irrelevant to the issue in this case. The objections were properly sustained. Blanton v. Wilson, 234 Ky. 637, 28 S.W.2d 970. Having searched the record and having found no prejudicial error we therefore affirm the judgment.